**306 A.2d 835.**

JOHN L. ANDREWS *vs.* FRANCIS A. HOWARD, *Warden.*

JULY 6, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

ROBERTS, C. J.   This is a criminal appeal from a judgment of a Superior Court justice denying the petitioner's petition for a writ of habeas corpus. No appeal or excep-

tion lies to the judgment of a Superior Court in a habeas corpus proceeding. General Laws 1956 (1969 Reenactment) §10-9-22. Therefore, with the agreement of the parties, we have articulated the petitioner's appeal as an original petition for a writ of habeas corpus in this court.

This case arises out of the following factual situation. On December 14, 1970, John L. Andrews received a deferred sentence on a charge of assault with a dangerous weapon and a six-year suspended sentence on a charge of robbery. On April 7, 1971, Elisha Scoliard was murdered in the course of a robbery in which Andrews allegedly took part. Thus, on May 4, 1971, a hearing before a Superior Court justice began to determine if Andrews had violated the conditions of his deferred and suspended sentences. On May 18, 1971, the trial justice found that Andrews was a violator and sentenced him to terms of ten years and six years to run concurrently. Subsequently, Andrews was tried for the murder of Scoliard and acquitted by a jury.

Andrews contends that sentencing him as a violator on the basis of a charge of which he was later acquitted constituted an unconstitutional deprivation of due process of law. In *Charest* v. *Howard*, 109 R. I. 360, 285 A.2d 381 (1972), we outlined the appropriate procedure to challenge a revocation of probation to be by way of criminal appeal[1] from the decision of the revoking justice. However, we said that that opinion applies only to violation hearings after the filing of the *Charest* decision, January 6, 1972. In that Andrews' violation hearing was in May, 1971, prior to our ruling in *Charest*, it is proper for him to make his present contention in a petition for a writ of habeas corpus.

---

[1]Actually, in *Charest* we said that the appropriate procedure was by way of bill of exceptions. However, effective September 1, 1972, appeals in criminal matters come to this court by way of criminal appeal and not by bills of exceptions.

The principal thrust of Andrews' argument is the distinction he attempts to draw between his case and that of *Flint* v. *Howard,* 110 R. I. 223, 291 A.2d 625 (1972). In *Flint,* we held that a deferred sentence probationer could be found in violation of his deferred sentence on the basis of an offense allegedly committed while on probation even though he was subsequently found not guilty of committing that offense.

Andrews attempts to distinguish *Flint* on two grounds. First, he claims that no reliance was made on hearsay evidence in the violation hearing, as occurred in *Flint.* Secondly, he argues that in *Flint* the defense presented no testimony at the violation hearing and thus the state's evidence was uncontradicted until the defense put in testimony at the trial, while in Andrews' situation the evidence at the trial and at the violation hearing was the same.

We feel that Andrews has failed to adequately distinguish his case from *Flint,* for in that case we said that an acquittal does not automatically preclude a violation because a jury, to reach a guilty verdict, must be convinced beyond a reasonable doubt, while the decision of a revoking justice is reversible only if such decision is arbitrary or capricious. Andrews has failed to demonstrate that the decision of the revoking justice was in any way arbitrary or capricious.

The petition for habeas corpus is denied and dismissed. Mr. Justice Joslin did not participate.

*William F. Reilly,* Public Defender, *Paul E. Kelley,* Asst. Public Defender, for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.